# ENTRY ORDER

2018 VT 60

SUPREME COURT DOCKET NO. 2018-087

MAY TERM, 2018

| | | |
|---|---|---|
| In re William E. Conner, Esq. | } | ORIGINAL JURISDICTION |
| | } | |
| | } | Professional Responsibility Board |
| | } | |
| | } | |
| | } | DOCKET NO. 2018-097 |

In the above-entitled cause, the Clerk will enter:

¶ 1.     This is a reciprocal-discipline petition concerning respondent William E. Conner, Esq., an attorney admitted to practice in Vermont.  In March 2018, Disciplinary Counsel for the Professional Responsibility Board filed notice with this Court that respondent had been disbarred from the practice of law in New Hampshire.  The notice included a certified copy of the New Hampshire Supreme Court's disbarment decision, which issued in January 2009.  See In re Conner's Case, 965 A.2d 1130 (N.H. 2009).  The New Hampshire Supreme Court disbarred respondent effective July 1, 2008, the date that respondent voluntarily stopped practicing in New Hampshire in anticipation of being sanctioned.  It allowed respondent to apply for readmission three years after this date.  The question here is whether this Court should impose identical discipline pursuant to Administrative Order 9, Rule 20(D).  As set forth below, we conclude that the imposition of identical discipline is warranted and we disbar attorney Conner effective as of the date of this order.

¶ 2.     Respondent stipulated to the underlying facts in the New Hampshire matter and to his complicity therein.  We summarize the New Hampshire Supreme Court's findings here.  In 2001, respondent and another lawyer persuaded a couple to hire them to pursue additional litigation in a home-construction case although the matter had already been the subject of an arbitration award.  Respondent filed two actions.  The first action challenged the arbitration award, and it was dismissed as untimely filed.  Respondent filed the second action against various alleged subcontractors.  The subcontractors moved to dismiss on res judicata and statute-of-limitations grounds and they sought attorney's fees.  Respondent essentially ignored these motions; he filed no responses and did not inform the clients that they had been filed.  This pattern continued even after some of the motions were granted.  Respondent did not attend a status conference in the case.  He later informed the clients that the construction case might not be successful.  He lied about having discussed certain issues with the clients and neglected to tell them that the case had already been effectively dismissed and that the court was preparing to award attorney's fees.  The court awarded approximately $16,000 in attorney's fees.  Respondent and his co-counsel then discussed how to pay the fee awards without informing their clients so as to avoid a malpractice claim.

Eventually, respondent and his co-counsel informed the clients about the attorney's fee award but did not disclose the amount.

¶ 3.    In December 2002, the court entered final judgment for the defendants and authorized the defendants to collect their fees from respondent, his co-counsel, or the clients personally.  In January 2003, the clients discovered the duration and extent of respondent's and his co-counsel's neglect and malfeasance.  They fired respondent and the trial court referred him to the New Hampshire Professional Conduct Committee (PCC).  The clients were then ordered to pay the accrued attorney's fees personally.

¶ 4.    In the New Hampshire PCC proceedings, respondent agreed that he violated numerous New Hampshire Rules of Professional Conduct, including: Rule 1.1(a) for filing cases on his clients' behalf knowing that they were without merit and/or barred by law or the statute of limitations, and failing to respond to dispositive motions or limit the clients' losses; Rule 1.3(a) for neglecting the construction case; Rule 1.4(a)-(c) for failing to communicate with his clients and inform them of the status of their cases and the mounting fees; Rule 1.7(b) for operating under a conflict of interest when attempting to avoid a malpractice action at the expense of his duty of loyalty to his clients; Rule 8.4(c) for attempting to conceal information from the clients and to deceive them about the status of their cases, as well as lying to them; and Rule 8.4(a) for violating the above-referenced rules.

¶ 5.    In deciding the appropriate sanction for respondent's actions, the New Hampshire Supreme Court looked to the ABA Standards for Imposing Lawyer Sanctions (1992) and concluded that respondent should be disbarred.  It found that the most serious violations involved lying and failing to act in his clients' interests, which violated bedrock duties of the legal profession.  The court noted that for either of these violations, disbarment was generally the appropriate sanction.  The court concluded that respondent acted intentionally and deliberately.  It further found that respondent's conduct caused his clients substantial financial harm.  The court determined that, based on these violations, the appropriate baseline sanction was disbarment.  "Indeed," the court observed, "it would be difficult to conclude that the sanction could be any other than disbarment given the lengthy and deliberate violation of ethical rules resulting in substantial financial harm to the [clients]." In re Conner's Case, 965 A.2d at 1135.

¶ 6.    In reaching its decision, the court considered aggravating and mitigating factors.  As aggravating factors, it found that respondent: "acted with dishonesty to protect himself"; "engaged in a pattern of conduct resulting in the commission of multiple offenses"; and he had "a prior disciplinary record, which included a public censure." Id.  The court noted "that the prior censure resulted from events contemporaneous with, though unrelated to, those involved here." Id.

¶ 7.    The court also recognized the presence of mitigating factors, including that: respondent was facing a "series of personal problems" at the time of the events; he "showed sincere remorse for his misconduct"; he "suffered from depression and alcoholism"; and he "ha[d] taken steps toward rehabilitation in dealing with his substance abuse issues." Id.  Respondent also cooperated in the investigation and prosecution of the case against him.  Nonetheless, the court concluded that respondent's "deliberate deception of his clients over a substantial period [could] abide no less a sanction than disbarment." Id.  The court acknowledged, however, that

respondent's "efforts to correct the personal problems that had plagued him [might] yet permit him to again practice law." Id. Because the sanction was designed to protect the public rather than punish the offender, the court concluded that respondent could apply for readmission after three years, running from July 1, 2008, the date that respondent voluntarily stopped practicing in New Hampshire in anticipation of a potential sanction in this case. As a condition of his reapplication, the court required that respondent actively participate in the New Hampshire Lawyers' Assistance Program or an equivalent program approved and monitored by the New Hampshire Lawyers' Assistance Program. He was also ordered to reimburse the attorney discipline system for all expenses incurred in the investigation and discipline process.

¶ 8.     In March 2018, pursuant to Administrative Order 9, Rule 20(B), this Court issued an order directing respondent and Disciplinary Counsel to inform the Court within thirty days of any claim that imposition of the identical discipline in Vermont would be unwarranted and the reasons therefore, based on the grounds set forth in A.O. 9, Rule 20(D). Rule 20(D) provides that when a lawyer admitted to practice in Vermont has been disciplined in another jurisdiction, the Court:

> shall impose the identical discipline unless the Court finds that upon the face of the record from which the discipline is predicated it clearly appears, or disciplinary counsel or the lawyer demonstrates, that:
>
> (1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
>
> (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject; or
>
> (3) The imposition of the same discipline by the Court would result in grave injustice; or
>
> (4) The misconduct established warrants substantially different discipline in this state.

Except where these grounds exist, "a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this jurisdiction." Id. Rule 20(E).

¶ 9.     Both parties filed responses to the Court's motion. In his filing, respondent recounts the history of events leading to the New Hampshire disbarment and events that have occurred since that date. He indicates that he did not renew his Vermont law license after June 30, 2007 because he lacked sufficient funds. Respondent believes that by not renewing his license, he was clearly indicating that he did not want to practice law in Vermont going forward. Respondent acknowledges that he did not notify Disciplinary Counsel that he had been disbarred in New Hampshire as required by rule. See A.O. 9, Rule 20(A) (providing that lawyer must "promptly

3

inform disciplinary counsel" of discipline in another state). He also acknowledges that the issues leading to his disbarment in New Hampshire "were serious and ongoing for several years" and that "[t]he facts would result in disbarment in any jurisdiction using the ABA guidelines for attorney discipline." Respondent states, however, that at the time he failed to renew his license in Vermont, he had not been subject to any professional conduct complaints or discipline. He requests that the Court impose a reprimand for failing to report his New Hampshire disbarment or take such other limited action as the interests of justice may require. He maintains that an identical punishment would serve no public interest at this time as he has been disbarred in New Hampshire since January 2009 and he voluntarily stopped practicing in Vermont on June 30, 2007.

¶ 10. Disciplinary Counsel argues that none of the grounds set forth in A.O. 9, Rule 20(D) are satisfied, and that, therefore, respondent's misconduct warrants the imposition of identical discipline in Vermont. According to Disciplinary Counsel, a truly identical reciprocal sanction would be a three-year suspension because Vermont does not allow disbarred attorneys to reapply for admission after three years. See A.O. 9, Rule 8(A)(1) (providing that disbarred attorney cannot reapply for admission "for at least five years"). She asks that the suspension run from the date of the Court's order. Disciplinary Counsel further requests that no reinstatement be considered until respondent has been reinstated in New Hampshire.

¶ 11. As noted above, our rules provide that when a Vermont attorney has been disciplined in another jurisdiction, this Court "<u>shall</u> impose the identical discipline" unless we find "upon the face of the record from which the discipline is predicated" that it is unwarranted on any one of the grounds set forth in Rule 20(D). A.O. 9, Rule 20(D) (emphasis added). We agree with Disciplinary Counsel that respondent has failed to show that any of the grounds set forth in Rule 20(D) exist here. Respondent was provided notice and an opportunity to be heard in New Hampshire and he stipulated to the underlying facts in the New Hampshire matter and to his complicity therein. See A.O. 9, Rule 20(D)(1)-(2). He has not demonstrated that the imposition of the same discipline by the Court would result in "grave injustice" or that his established misconduct "warrants substantially different discipline in this state." See <u>id</u>. Rule 20(D)(3)-(4). Indeed, respondent acknowledges that his conduct would result in disbarment in any jurisdiction using the ABA guidelines for attorney discipline. Like New Hampshire, this Court looks to the ABA Standards for guidance when sanctioning attorney misconduct. See <u>In re Palmisano</u>, 2017 VT 94, ¶ 16, __ Vt. __, 177 A.3d 1105 (mem.). The rules that respondent admitted to violating are substantially similar to the Vermont rules. To the extent that respondent argues that his personal struggles support the imposition of different discipline in this state, the New Hampshire Supreme Court considered these issues in reaching its decision and nonetheless concluded that disbarment was appropriate. It would be unfair for this Court to consider any evidence that post-dates the New Hampshire decision because this would effectively reward respondent for failing to report his New Hampshire disbarment to this Court. See <u>id</u>. ¶ 3 (stating that "[i]n considering reciprocal discipline," Court is "limited to the 'face of the record from which the discipline is predicated' " and does "not consider any explanations or evidence" not found in out-of-state record (quoting A.O. 9, Rule 20(D)). Even if we were to consider later events, however, we would not conclude that the grounds set forth in Rule 20(D) are satisfied.

¶ 12. Because the grounds set forth in Rule 20(D) are not satisfied, the New Hampshire Supreme Court's decision "establish[es] conclusively the misconduct for purposes of a disciplinary proceeding in this jurisdiction" and the imposition of identical discipline is warranted. A.O. 9,

Rule 20(E). We conclude that the identical discipline is not suspension but disbarment, which the New Hampshire Supreme Court deemed appropriate given respondent's "lengthy and deliberate violation of ethical rules resulting in substantial financial harm" to his clients. As the New Hampshire Supreme Court recognized, respondent's behavior violated fundamental duties of the legal profession. "Disbarment enforces the purpose of discipline in that the public is protected from further practice by the lawyer; the reputation of the legal profession is protected by the action of the bench and bar in taking appropriate actions against unethical lawyers." ABA Standards, 2.2, Commentary. We decline to make the disbarment retroactive to the date that respondent failed to pay his Vermont dues. Being administratively suspended for failing to pay dues is not equivalent to disbarment, which "terminates the individual's status as a lawyer." ABA Standards, 2.2. Similarly, we do not credit respondent for the time that has elapsed since the 2009 New Hampshire disbarment because this would allow respondent to benefit from his reporting failure and provide an incentive for other lawyers to do the same. Respondent's disbarment is effective as of the date of this order.

Respondent William E. Conner is hereby disbarred from the practice of law in Vermont. Respondent shall comply with the requirements of Administrative Order 9, Rule 23.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

☒ Publish

☐ Do Not Publish

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice